351 P.2d 654

STATE TAX COMMISSION of Arizona, Appellant,

.v.

CONSUMERS MARKET, INCORPORATED, a corporation, Appellee.

No. 6551.

Supreme Court of Arizona.

May 4, 1960.

Robert Morrison, Atty. Gen., Bernard T. Caine and Robert G. Mooreman, Asst. Attys. Gen., for appellant.

James Elliott Dunseath, Tucson, for appellee.

PHELPS, Justice.

This is an appeal from summary judgment entered against the State Tax Commission, defendant, for the recovery of transaction privilege taxes paid under protest by plaintiff-appellee. The parties will hereinafter be referred to as the plaintiff and the Commission.

Plaintiff is a corporation engaged in the business of operating several supermarkets in this state. Its complaint sought a money judgment for the recovery of taxes paid under protest, based upon an assessment following an audit covering the period of April 14, 1954, to November 30, 1956. The purpose of the audit was to determine the plaintiff's sales tax liability for that period. Plaintiff was a "self-redeemer" of "trading stamps." The Commission determined that, in addition to the taxes paid by plaintiff on its reported gross sales, it was also liable for a tax of $2,739.25 computed on the value of merchandise given as premiums to its customers in redemption of trading stamps.

It was the plaintiff's contention that any taxes which might be due have been paid since the value of the items of merchandise

which were "exchanged" for accumulated trading stamps was added to the charge made for items sold in the regular course of business; and therefore, was included in the total gross sales made by plaintiff, and that all tax due on such gross sales had been fully paid. Appellant has admitted there existed no genuine issue as to any material fact.

Two affidavits were filed by plaintiff in support of its motion for summary judgment; one by Elmer M. Thierman, a certified public accountant, and the other, by E. C. Marques, vice president and general manager of plaintiff. Both affidavits support plaintiff's position that any tax which might have been due upon the items of merchandise in question was paid since their cost was added to and included in the total gross sales made by plaintiff. This fact is nowhere denied by affidavit or otherwise.

An affidavit of Neal Trasente, Director of the Sales Tax Division, was filed by the Commission opposing the plaintiff's motion for summary judgment. Briefly paraphrased, this affidavit urged the same argument as set forth in the Commission's pleadings; that since plaintiff had purchased this merchandise for resale, and it was "exchanged" for trading stamps (as consideration), this constituted a "sale" as defined by A.R.S. paragraph 11 of § 42–1301.

When the parties appeared on the date set to argue the motion for summary judgment they made two stipulations: (1) that all of the merchandise exchanged by plaintiff as premiums for their stamp plan was purchased by plaintiff from its suppliers in the ordinary course of business and for resale, and (2) to the withdrawal of the issue of whether plaintiff's stamp redemption plan constituted a cash discount as contemplated under A.R.S. paragraph 6 of § 42–1301.

Thereupon, the court finding no material issues of fact to be determined upon the affidavits, controverting affidavit, and stipulation of counsel, found that the plaintiff was entitled to judgment as a matter of law.

On appeal it is the Commission's position that the "exchange" of trading stamps for the items of merchandise in question is a taxable retail sale under the Transaction Privilege Taxes Act, A.R.S. § 42–1301 et seq. The position of the plaintiff below, as set forth in its affidavits for summary judgment, is reasserted here.

In connection with summary judgment we would normally have to examine the record with two fundamental questions in view (1) whether there were any material issues of fact to be determined, and (2) whether the court erred in its application of the law. But inasmuch as the Commission admits, and this is borne out by the

record, that there remained no genuine issue of fact to be determined at the time the judgment was entered, we are concerned here only with the latter question: whether the court erred in its application of the law to the facts.

 A.R.S. paragraph 11 of § 42-1301 defines a "sale" as follows:

"'Sale' means any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatever, of tangible personal property, for a consideration, * * *."

But the tax imposed by our Privilege Transaction Tax (A.R.S. § 42–1301 et seq.) is not a tax upon the sale of items of merchandise but is a tax upon the privilege of engaging in business measured by the gross income from sales. See, Arizona State Tax Commission v. Garrett Corporation, 79 Ariz. 389, 291 P.2d 208, and the cases therein cited in support of this proposition. It is agreed by both plaintiff and the Commission that the articles herein involved were purchased for resale. Plaintiff claims their value was included in the amount of gross income from sales and that the tax thereon had been paid. The Commission neither admitted nor denied this allegation for lack of information but made no demand for strict proof thereof. No assignment of error was made upon the ground that the summary judgment was improper.

It is reasoned by the Commission that the transaction in question is a "sale" as heretofore defined under the Act since the stamps given up by plaintiff's customers is the "consideration" therein referred to.

In resolving this problem the citations of authority made by both sides are of little or no value since, in the final analysis, it involves the interpretation of an Arizona statute. Hence, in the absence of helpful or hindering precedent in this area, we must take the practical and realistic approach in determining what the legislature intended. In this case, admittedly the cost to plaintiff in "retailing" these items of merchandise was reflected in higher prices which its customers were in turn required to pay for foodstuffs purchased from the shelves of plaintiff's supermarkets. Hence plaintiff's gross proceeds from its retail sales, the basis upon which the transaction privilege tax is assessed, reflected the cost of retailing this merchandise. Thus, the "consideration" referred to in the Act has already been paid by plaintiff's customers. As a result, the transaction of exchanging trading stamps for articles of merchandise is nothing more and nothing less than a system of advanced spending and deferred enjoyment of the fruits thereof by the plaintiff's customers. This, in our view, is a matter of elementary econ-

omics, and it is difficult to imagine that the legislature could have intended that a tax be imposed in this case, for the reason that it is a part of the whole transaction of which the redemption plan is only a part, and the imposition of a tax on the latter would amount to double taxation.

The instant case is easily distinguishable from United Cigar Stores Co. of America v. United States, 50 F.2d 466, 72 Ct.Cl. 453, primarily in that in the instant case it is stipulated that the articles given as premiums were purchased for sale and the sale price thereof was included in the gross sales of the business, and that the tax had been paid thereon in full; that the stamps were printed by plaintiff and redeemed by it; whereas, in the Cigar Stores case the premiums were articles of jewelry, etc. not sold by Cigar Stores Co., and it was not claimed that the sales tax had been paid by Cigar Stores or anyone else. The claim was that the premiums were a gift to customers as an inducement to purchase their merchandise. There is not the slightest similarity between the instant case and United Profit Sharing Corporation v. United States, Ct.Cl., 43 F.2d 266.

Judgment is affirmed.

STRUCKMEYER, C. J., and UDALL and JOHNSON, JJ., concur.

BERNSTEIN, Justice (dissenting).

I dissent from the opinion of the majority essentially for the reason that the transactions here in issue clearly were taxable sales within the meaning of our statute on Transaction Privilege Taxes (A.R.S. Title 42, Chapter 8, Article 1) and should not be excluded therefrom by virtue of an exception based on "elementary economics" superimposed on the plain meaning of that statute.

Paragraph 11 of A.R.S. § 42–1301 defines a "sale" as

"any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatever, of tangible personal property, for a consideration * * *."

This very broad definition of a sale manifestly includes the instant transactions whereby the plaintiff transferred title and possession of tangible merchandise property in exchange, barter and consideration for trading stamps.

The contention that a tax has once been paid on the trading stamps, the value of which was purportedly included in plaintiff's gross sales, overlooks the point that the tax here in issue is based on separate and distinct transactions in which plaintiff exchanged *merchandise* for stamps. These separate transactions were subject to ne-

gotiation between the parties then, for the first time, and may have been based on a value of exchange which was different from that in effect at the time the stamps were sold. While the majority opinion recognizes that the Transaction Privilege Tax "is not a tax upon the sale of items of merchandise but is a tax upon the privilege of engaging in business measured by the gross income from sales," it formulates an exception based on the asserted sameness of the "items of merchandise" sold, in situations where the plaintiff has availed itself of "the privilege of engaging in business" by separate transactions.

The imposition of this tax is not "double taxation" for the reason that no tax has previously been paid either on the items of merchandise or on any transactions involving the sale of such merchandise. Whether plaintiff would be entitled, under Paragraph 7 of A.R.S. § 42–1301, to a refund of the taxes allegedly paid on the stamps because the stamps were "accepted as part payment on any new article sold," need not here be decided as this issue was not raised on this appeal and would become significant only "if and when the full sale price of the new article is included"—contrary to plaintiff's present position—in its gross sales.

The judgment appealed from should be reversed.